[No. 35885.   Department Two.   December 7, 1961.]

THE CITY OF SEATTLE, *Respondent*, v. THE STATE OF WASHINGTON, *Appellant*.*

*Reported in 367 P. (2d) 123.

*The Attorney General* and *Henry W. Wager, Assistant,* for appellant.

*A. C. Van Soelen* and *Jerry F. King,* for respondent.

HUNTER, J.—This is an appeal by the defendant (appellant), state of Washington, from a judgment entered by the Superior Court for Thurston County, which provided that certain excise taxes assessed against and paid by the plaintiff (respondent), city of Seattle, be refunded.

The plaintiff paid excise taxes assessed, as measured against certain revenue of the Seattle Water Department, under the public utility tax, RCW chapter 82.16, and imposed upon certain activities of the Seattle Park Department under RCW chapter 82.04, the business and occupation tax. These taxes were paid under protest, and the plaintiff petitioned the Tax Commission of the State of Washington for a refund. The petition was denied and, upon appeal by the plaintiff to the Superior Court for Thurston County, the trial court held that the revenue of the water department, in question, was not part of its "gross operating revenue" against which the tax was to be measured and that the particular activities of the park department were not taxable under the business and occupation tax. Judgment was entered for the plaintiff. This appeal followed.

The issue which relates to the taxes assessed, as measured against the water department revenue, may be disposed of summarily. Both parties have agreed, and we hold, that this part of the action is controlled by our recent decision in *King Cy. Water Dist. No. 68 v. Tax Comm.,* 58 Wn. (2d) 282, 362 P. (2d) 244 (1961), which involved facts almost identical to those present in the instant case

with relation to the assessment under the public utility tax. We there held that revenue received by a water district from prospective customers as reimbursement for construction and installation of facilities for serving such prospective customers, did not constitute consideration for delivery of water by the district and, therefore, did not constitute part of "gross operating revenue" within the meaning of the section defining that phrase. RCW 82.16-.010 (12). The judgment of the trial court, as it relates to this issue, was correct.

The business and occupation tax was imposed upon the following activities of the Seattle Park Department: (a) Towel and suit rentals and property checking services at bathing beaches and at an indoor pool; (b) pony rides for children at a recreational park; (c) space rental for mobile concession vehicles stationed on park department property; and (d) use of field houses by private groups. The tax was measured against the amount of the charges, fees and rental prices accruing from the above services and activities, which amount is designated by the defendant as "gross income" within the meaning of the statute.

At the trial, the plaintiff offered proof that the park department operates at a loss in any given year and, specifically, that each of the above activities is conducted at a loss in any given year. The defendant rested its case without submitting any proof.

In holding that the amount paid for the taxes should be refunded, the trial court found that the fees and rental prices charged by the park department for the above services were imposed solely for the purpose of defraying part of the cost of the services and that the activities are not engaged in for the financial "gain, benefit, or advantage of the taxpayer or of any other person or class, directly or indirectly." The trial court reasoned that the purpose to obtain an intangible, nonmonetary benefit, by engaging in these activities, is not the sort of purpose or "object" which gives rise to a "business" activity within the meaning of the statute.

■ The section of the statute which is most pertinent to the issues in the case is the one which defines the term "business." RCW 82.04.140 provides:

" 'Business' includes all activities engaged in with the object of gain, benefit, or advantage to the taxpayer or to another person or class, directly or indirectly."

As a municipal corporation is a taxable "person" under RCW 82.04.030, the above activities of the park department constitute "business" if carried on for the purpose expressed in the above-quoted section which defines that term.

One of the manifest purposes of a municipal corporation is to provide recreational facilities for the residents in the community. Contrary to the argument advanced by the plaintiff, the residents in the community constitute a "class" as that term is used in the definition of "business." In *Tacoma v. State Tax Comm.*, 177 Wash. 604, 33 P. (2d) 899 (1934), we stated:

". . . The utilities which respondents own and operate belong to their people, and are conducted for the benefit of the people, and not for profit in the ordinary sense. . . .
" . . .
"The utilities operated by respondents are businesses within the definition of that word contained in the statute, being conducted 'with the object of gain, benefit or advantage either direct or indirect,' . . ."

The main point of contention between the parties is whether the nonmonetary nature of the benefit to be achieved places the activities outside the scope of the term "business." The defendant's position is that the statute taxes activities engaged in for purposes other than profit.

According to the plain meaning of the words used in the statute, the legislature did not intend to restrict the term "business" to those activities engaged in solely for profit. "Gain," "benefit" and "advantage" convey a meaning wider in scope than does the word "profit." *Tacoma v. State Tax Comm., supra.*

The intention to tax activities engaged in with the ob-

ject of nonmonetary benefit is indicated further by RCW 82.04.030, the section which defines "person."

" 'Person' or 'company,' herein used interchangeably, means any individual, receiver, assignee, trustee in bankruptcy, trust, estate, firm, copartnership, joint venture, club, company, joint stock company, business trust, municipal corporation, corporation, association, society, or any group of individuals acting as a unit, whether mutual, cooperative, fraternal, nonprofit, or otherwise and the United States or any instrumentality thereof."

Clearly, from the all-inclusiveness of this section, the legislature conceived of taxing activities of an entity which acts neither to benefit itself or its members in a monetary way. We conclude, therefore, that the intangible nature of the benefit to be achieved does not place the park department's activities outside the scope of the statute.

However, to support the judgment, the plaintiff argues that the legislature did not intend to impose the tax upon governmental, as opposed to proprietary, activities of a municipal corporation, and the activities here involved are governmental in nature. It is unnecessary to consider whether the particular activities are governmental or proprietary in nature, since there is no language in the statute that makes such a distinction. As it is within the power of the legislature to tax governmental activities of a municipality, we cannot assume they have not done so by this enactment.

The tax, measured against the gross revenue which accrued from the park department activities of the plaintiff, was properly imposed and the trial court erred in directing a refund.

The judgment is affirmed as to the public utility tax and is reversed as to the business and occupation tax. The parties will bear their own costs on this appeal.

FINLEY, C. J., HILL, DONWORTH, and OTT, JJ., concur.

---

March 19, 1962. Petition for rehearing denied.