[No. 37039. En Banc. April 2, 1964.]

WELLS & WADE HARDWARE, INC., et al., *Appellants*, v. CITY OF WENATCHEE, *Respondent*, CASCADE NATURAL GAS CORPORATION, *Intervenor.**

*Karr, Tuttle, Campbell, Koch & Granberg (Joseph D. Holmes, Jr., of counsel)*, for appellants.

*Larry Carlson, Preston, Thorgrimson, Horowitz, Starin & Ellis*, and *James R. Ellis*, for respondent and intervenor.

HILL, J.—The city of Wenatchee enacted an ordinance requiring an annual license fee of $10 and imposing a tax of 2 per cent on the gross income derived from occupations or business activities, *inter alia*, such as the selling or furnishing at retail, petroleum liquid fuels including liquefied petroleum gases, for use in combustion devices other than motor vehicles. In short, it is a license for, and a tax on, the business of selling fuel oil. The plaintiffs, being fuel oil dealers, bring this action to have the taxing

*Reported in 390 P. (2d) 701.

and licensing measure declared void and to restrain the city from making collections thereunder.

The trial court dismissed the action and the plaintiffs appeal.

They contend that the ordinance was enacted for the purpose of police regulation, rather than for the purpose of raising revenue, and that it is an invalid regulatory measure. The trial court found that the primary purpose of the ordinance was to raise $15,000 additional revenue for municipal purposes and that it was not the purpose of the ordinance to regulate the conduct of any business subject to the tax, except as incidentally necessary to enforce the collection of the tax.

■ The trial court observed the witnesses, and its findings on the issues of fact cannot be upset, if there is substantial evidence to sustain them. *Dodd v. Polack* (1964), 63 Wn. (2d) 828, 389 P. (2d) 289; *Thorndike v. Hesperian Orchards, Inc.* (1959), 54 Wn. (2d) 570, 343 P. (2d) 183. These findings are amply supported by the evidence and dispose of the contention that the ordinance was adopted primarily for the purpose of regulating the liquid petroleum dealers in Wenatchee. See A.G.O. 61-62, No. 137 (May 21, 1962); *Texas Co. v. Cohn* (1941), 8 Wn. (2d) 360, 112 P. (2d) 522. .

The appellants further contend that the city of Wenatchee (a third-class city organized under the commission form of government) does not have the power to exact and collect a business and occupation tax from fuel oil dealers.

Cities organized under the commission form have all of the powers of cities of the second class; RCW 35.17.030. RCW 35.23.440[1] delegates to second class cities power and authority under some 56 numbered specifications. We are concerned with number 9 which reads:

"(9) License generally: To fix and collect a license tax for the purposes of revenue and regulation, upon all occu-

[1]Any one placing reliance on this section of RCW would be well advised to consult § 29, chapter 241, Laws of 1907, from which it is supposedly derived. The revisors, in several instances, have substantially rewritten the legislative enactment.

pations and trades, and all and every kind of business authorized by law not heretofore specified: *Provided,* That on any business, trade, or calling not provided by law to be licensed for state and county purposes, the amount of license shall be fixed at the discretion of the city council, as they may deem the interests and good order of the city may require."

The appellants interpret this proviso as precluding the city from taxing any business or occupation already being taxed for state or county purposes. With this interpretation we cannot agree.

█ While the meaning of the proviso may not be crystal clear, we have no real difficulty in determining the legislative intent. It was not intended to, and does not, prevent a city, which derives its authority and power under RCW 35.23.440(9), from requiring a license and imposing a business and occupation tax on any specific business or occupation. There are no words of restriction preventing licensing and taxing "all and every kind of business."

The city may, therefore, require these appellants to secure a license and pay a business and occupation tax on the gross income derived from selling or furnishing at retail petroleum liquid fuels for use in combustion devices other than motor vehicles.

The only restriction is an implied one, *i.e.,* that where it is provided by law that business, trade or calling may be licensed for state and county purposes, there may be some additional limitation as to amount. This seems perfectly reasonable and proper to us.

For businesses, trades and occupations not licensed (and taxed) for state[2] or county purposes, *i.e.,* where the only license and tax is by the city, the amount thereof is to be fixed in the discretion of the city council (or commission) as they deem the interests and good order of the city may require.

For businesses, trades and occupations which are licensed (and taxed) for state and county purposes, the discretion of the city is not so broad; doubtless because it is

---

[2]If there are any such.

only proper that the extent and character of the license (and tax) imposed by the state or/and county must be considered in determining what license fee (and tax) will be imposed by the city.

If the appellants were in court claiming that, because of the state business and occupation tax, the city business and occupation tax was unreasonable or excessive, there could be an issue of fact to be determined under the proviso. However, the appellants are urging not that the tax is unreasonable or excessive, but that the city cannot tax them at all if the state does. As indicated, it is our view that the quoted proviso cannot be so interpreted.

The judgment of dismissal is affirmed.

ALL CONCUR.