[No. 40472. En Banc. May 14, 1970.]

THE OIL HEAT INSTITUTE OF WASHINGTON *et al.*, *Appellants*, v. THE TOWN OF MULKILTEO *et al.*, *Respondents.**

*Rutherford, Kargianis & Austin*, for appellants.

*Anderson & Hunter, Paul D. Hansen, Cartano, Botzer & Chapman*, and *Robert A. O'Neill*, for respondents.

PER CURIAM.—Plaintiffs appeal from a summary judgment dismissing their claim that ordinance No. 153 of the town of Mukilteo is "unconstitutional and void, illegal, improper and of no force or effect."

We do not reach the merits of the claim alleged. The sole question before us on summary judgment is whether the trial court correctly determined that no material question of fact is presented by the record.

Plaintiff, Oil Heat Institute of Washington, Inc., is a trade organization established to promote the oil heat industry.

*Reported in 469 P.2d 547.

Other plaintiffs are fuel oil retailers doing business in the town of Mukilteo.

Ordinance No. 153, designated a "license or occupation tax," provides for a tax upon natural gas, electric light and power, telephone and telegraph businesses at a rate of 5 per cent of gross income. It imposes a similar tax at 2.5 per cent of gross income upon persons or businesses selling or furnishing petroleum liquid fuels at retail.

The Washington Natural Gas Company moved for permission to intervene in the action pursuant to CR 24(b). Although, under the contested ordinance, the gas company is subject to a 5 per cent tax on gross income derived from its Mukilteo fuel sales, it sought to intervene *on behalf of the municipality,* for the purpose of protecting the tax from legal assault.

No error is assigned to the trial court's order granting leave to the gas company to intervene in this action so that the propriety of the order is not in issue.

Defendant town and the intervenor jointly filed a motion for summary judgment, upon the ground that there is "no genuine issue as to any material fact." Plaintiffs, by affidavit resisting the motion for summary judgment, claim that the tax is unreasonable, excessive, discriminatory and confiscatory "in an unregulated field of free enterprise where the annual profit of the business involved may be less than 2 per cent of the total gross sales."

Nowhere in either its findings of fact (which are not necessary in summary judgment proceedings) or in the order granting the motion for summary judgment did the trial court state that it found no issue of a material fact. The summary judgment was issued, however, and plaintiffs appeal.

This court has, on numerous occasions, laid down in considerable detail the rules applicable in a summary judgment proceeding. *Balise v. Underwood,* 62 Wn.2d 195, 381 P.2d 966 (1963), and authorities cited. We need not repeat the authorities.

In *Wells & Wade Hardware v. Wenatchee,* 64 Wn.2d 103, 390 P.2d 701 (1964), this court recognized that

the question of whether a tax is so excessive as to be confiscatory is one of fact. The court said:

> If the appellants were in court claiming that, because of the state business and occupation tax, the city business and occupation tax was unreasonable or excessive, there could be an issue of fact to be determined . . .

We do not comment on the outcome of this case on the merits; we note, however, that plaintiffs have a heavy burden of proof. *In re Garfinkle,* 37 Wash. 650, 655, 80 P. 188 (1905); *Stull v. De Mattos,* 23 Wash. 71, 62 P. 451 (1900).

In *Pacific Tel. & Tel. Co. v. Seattle,* 172 Wash. 649, 657, 21 P.2d 721 (1933), the court said:

> the courts will not hold a tax invalid on the ground that it is oppressive or confiscatory, unless there is clear abuse of the power conferred.

Nonetheless, plaintiffs should have an opportunity to make this showing.

Reversed and remanded.

July 21, 1970. Petition for rehearing denied.