[No. 42049.    En Banc.    July 13, 1972.]

THE OIL HEAT INSTITUTE OF WASHINGTON *et al.*, *Appellants*, v. THE TOWN OF MUKILTEO *et al.*, *Respondents*.

*Rutherford, Kargianis & Austin,* by *George Kargianis,* for appellants.

*Anderson, Hunter, Carlson & Dewell, William W. Baker, Cartano, Botzer & Chapman,* and *Robert A. O'Neill,* for respondents.

8

FINLEY, J.—This is an appeal from a decision of the superior court upholding the constitutionality of a municipal tax of 2.5 per cent on the gross income of businesses selling fuel oil.

On October 16, 1967, the town of Mukilteo enacted municipal ordinance No. 153 imposing a business and occupation tax upon natural gas, electric light and power, telephone and telegraph businesses, at an annual rate of 5 per cent of gross income. It also imposed a similar tax upon persons "engaged in or carrying on the business of selling or furnishing at retail, petroleum liquid fuels . . . for use in combustion devices other than motor vehicles," at an annual rate of 2.5 per cent of gross income. Several individual fuel oil dealers and the Oil Heat Institute of Washington brought this action to contest the validity of the tax on the grounds that it is violative of equal protection and imposes an illegal economic burden upon the fuel oil dealers to whom it applies. Washington Natural Gas Company, the supplier of natural gas to the town of Mukilteo, was permitted to intervene in the action on behalf of the municipality. Thereafter, the town of Mukilteo and the Washington Natural Gas Company moved for summary judgment. Their motion for summary judgment was granted by the trial court but we reversed in *Oil Heat Institute v. Mukilteo,* 78 Wn.2d 1, 469 P.2d 547 (1970), holding therein that whether a tax is so excessive as to be confiscatory is a question of fact which cannot be resolved in summary judgment proceedings. In remanding for trial on the merits, we noted that plaintiffs would have a heavy burden of proof in attacking the validity of the tax, *In re Garfinkle,* 37 Wash. 650, 80 P. 188 (1905), but should nevertheless have the opportunity to make this showing.

The case was retried, and the trial court, relying on *In re Garfinkle, supra,* held that the rate of business and occupation tax imposed upon the fuel oil dealers was not so unreasonable as to be confiscatory or prohibitory in its effect on the fuel oil business in Mukilteo.

The Oil Heat Institute has appealed. Respondent City of

Mukilteo and intervenor Washington Natural Gas Company have in turn moved to strike the statement of facts and to dismiss the appeal for failure of appellants to file, certify, and correct errors in the statement of facts at the appropriate times.

We need not consider the motion of respondent and intervenor to dismiss the appeal because we have concluded that the appeal must fail on the merits and that the trial court's judgment that the tax is valid must be upheld.

▮ We begin by noting that plaintiff has a doubly heavy burden of proof in this case. "[T]he courts will not hold a tax invalid on the ground that it is oppressive or confiscatory, unless there is clear abuse of the power conferred." *Pacific Tel. & Tel. Co. v. Seattle*, 172 Wash. 649, 657, 21 P.2d 721 (1933), quoted in *Oil Heat Institute v. Mukilteo, supra*. Furthermore, we also stated in *Mukilteo* that the question of whether a tax is so excessive as to be confiscatory is one of fact. On remand the trial court concluded that the tax at issue herein is not confiscatory. On appeal, the power of this court is appellate only. It does not include the power to retry the case but is limited to ascertaining whether or not the findings of fact are supported by substantial evidence. *Stringfellow v. Stringfellow*, 56 Wn.2d 957, 350 P.2d 1003, 353 P.2d 671 (1960). To prevail in this appeal, appellant must therefore show that the conclusion of the trial court (that the Oil Heat Institute did not demonstrate a *clear abuse* of the taxing power) was not supported by *substantial evidence*. Appellant has failed to do so.

▮ It is, of course, true that oppressive or confiscatory taxes will not be sustained. *Pacific Tel. & Tel. Co. v. Seattle, supra*.

If, however, it be conceded that the courts have power to declare a municipal ordinance levying a license tax on businesses invalid on the ground that the tax imposed is so oppressive and unreasonable as to amount to confiscation, rather than taxation, they will not determine the question by a mere inspection of the amount of the tax

imposed. All presumptions and intendments are in favor of the validity of the tax. . . . To determine the amount of revenue required by the needs of the municipality, when not limited by constitutional barriers, is within the sole discretion of the legislative authorities, and the courts have no warrant to inferfere with that discretion.

*Stull v. De Mattos,* 23 Wash. 71, 79, 62 P. 451 (1900). Therefore, for a tax to be declared invalid, it must be shown that it actually tends to destroy as a whole the business, industry, or entity which is being taxed. It is not enough that the tax imposes an unpleasant or heavy financial burden on individual operators or on the industry as a whole. To be invalid, a tax must be so oppressive or unreasonable as to amount to confiscation or destruction of the business being taxed.

The Oil Heat Institute's argument for invalidity of the tax is based primarily on ingenious reasoning designed to show that, while the tax rate imposed on fuel oil sellers is half that imposed on gas and electric companies such as the intervenor, Washington Natural Gas Company, the resulting cut in profits suffered by the fuel oil sellers is more than twice that incurred by the gas company. We believe, however, that the demonstration of such an unequal effect on profits does not require a conclusion that the tax is confiscatory. The effect of a tax on the competitive position of one business vis-a-vis another business is only relevant to the extent that the higher-taxed business is actually confiscated or destroyed as a result of the combined effect of the oppressive tax and competition from the other less-oppressively-taxed businesses. There is no evidence in the record which would have obligated the trial court to conclude that the fuel oil business in Mukilteo is thus being destroyed.

At trial the plaintiffs sought to introduce evidence of the effect of a similar tax upon fuel oil businesses in the city of Wenatchee. On appeal they contend, without authority to support their argument, that they should have been al-

lowed to introduce such evidence. However, such evidence would have been of no value and relevance in assessing the actual confiscatory effect of the challenged tax upon the oil dealers of Mukilteo, and would not have affected the outcome of the trial or of this appeal.

It could also be contended that the alleged differential effect on profits of the fuel oil businesses and the gas companies and the resultant competitive disadvantage to the fuel oil sellers, *short of actual confiscation,* is violative of the right of equal protection guaranteed by Const. art. 1, § 12. However, a legislative body has very broad discretion in making classifications in the exercise of its taxing powers. A classification of commodities, businesses, or occupations for excise tax purposes, under which the classes are taxed at unequal rates, or one class is taxed and another is exempted, will be upheld as constitutional if it is not arbitrary nor capricious and rests upon some reasonable basis of difference or policy. *Texas Company v. Cohn,* 8 Wn.2d 360, 112 P.2d 522 (1941). We stated therein, at page 387, that:

> If any such reasonable basis for the classification exists, or conceivably may exist, then the circumstance that there is competition between a commodity or business which is taxed and some commodity or business which is not taxed, does not materially affect the validity of the classification.

The judgment of the trial court is affirmed.

HAMILTON, C.J., ROSELLINI, HUNTER, HALE, NEILL, STAFFORD, WRIGHT, and UTTER, JJ., concur.