[No. 43249. En Banc. November 21, 1974.]

SONITROL NORTHWEST, INC., *Appellant,* v. THE CITY OF SEATTLE, *Respondent.*

*Joseph H. Trethewey* and *Joseph C. Calmes,* for appellants.

*John P. Harris, Corporation Counsel,* and *E. Neal King, Assistant,* for respondent.

WRIGHT, J.—In this case, the constitutionality of City of Seattle's ordinance No. 62662 is being challenged as unconstitutionally vague and unequally applied as between appellant's burglar alarm system business and appellant's competitors who provide other types of burglar prevention services. The sole issue for our determination is whether

ordinance No. 62662 violates the equal protection clause found in Const. art. 1, § 12. We believe the issue should be answered in the negative and affirm the trial court in upholding the ordinance.

Appellant (Sonitrol) is engaged in the business of monitoring sounds at its customers' places of business. These sounds are transmitted over telephone lines leased from Pacific Northwest Bell Telephone Company to either appellant's central monitoring office or to various telephone answering services in the city. The monitoring is done during the period the clients' businesses are closed and is designed to detect unauthorized activity. Suspicious sounds are reported to the police. From the beginning of 1970 until present, appellant has paid taxes to City of Seattle under section 5(g) of ordinance No. 62662 (Seattle Municipal Code 11.12.050(g)) which levies a tax

> Upon everyone engaged in the business of operating or conducting a fire alarm system, district telegraph or burglary and police alarm system for hire, a fee or tax equal to seven percent of the total gross income from such business in the city; provided, that the minimum fee or tax shall not be less than one hundred dollars per tax year;

At trial, appellant sought to enjoin further collection of taxes and recover taxes paid under the ordinance. The gist of appellant's argument was that taxation of its business at a rate 70 times that of competitors dealing in local alarms or foot patrols, violates the equal protection clause found in Const. art. 1, § 12.[1] The trial court upheld the ordinance and dismissed the action. Sonitrol appealed.

■ To comply with the equal protection provision found in Const. art. 1, § 12, a classification must meet and satisfy three requirements. First, legislation must apply alike to all persons within a designated class. Second, there must be reasonable grounds for making distinctions be-

---

[1]Appellant's competitors dealing in local alarms and foot-patrol services are taxed as general merchants under ordinance No. 72630, which levies a tax of 1/10th of 1 percent on gross income.

tween those who fall within the class and those who do not. Third, the disparity in treatment must be germane to the object of the law in which it appears. *State ex rel. Bacich v. Huse,* 187 Wash. 75, 80, 59 P.2d 1101 (1936); *Texas Co. v. Cohn,* 8 Wn.2d 360, 376, 112 P.2d 522 (1941); *H & B Communications Corp. v. Richland,* 79 Wn.2d 312, 316, 484 P.2d 1141 (1971).

There is no unequal treatment of members of the same class in the instant case so the first requirement, *supra,* is satisfied.

We believe the second and third requirements, *supra,* are met because the alleged preferred competitors of appellant, *i.e.,* local-alarm merchants and foot patrolmen, are in a functionally separate class from appellant.

■ Legislative bodies have very extensive powers to make classifications for purposes of legislation. *Armstrong v. State,* 61 Wn.2d 116, 121, 377 P.2d 409 (1962); *Oil Heat Institute v. Mukilteo,* 81 Wn.2d 7, 11, 498 P.2d 864 (1972); *Black v. State,* 67 Wn.2d 97, 100-101, 406 P.2d 761 (1965); *Hemphill v. Tax Comm'n,* 65 Wn.2d 889, 891, 400 P.2d 297 (1965); *Clark v. Dwyer,* 56 Wn.2d 425, 435, 436, 353 P.2d 941 (1960); *Aetna Life Ins. Co. v. Washington Life & Disability Ins. Guar. Ass'n,* 83 Wn.2d 523, 526, 520 P.2d 162 (1974).

The test for purposes of classification is merely whether "any state of facts reasonably can be conceived that would sustain the classification." *Allied Stores v. Bowers,* 358 U.S. 522, 3 L. Ed. 2d 480, 79 S. Ct. 437 (1959); *Hemphill v. Tax Comm'n, supra.* For example, in *Clark v. Dwyer, supra,* this court sustained a classification distinction based on color of apples. This court stated in *Clark* at page 436:

> The legislature has chosen to make a distinction between these products on the basis of color. The plaintiffs do not deny the propriety of such distinctions in the grading of apples. Unquestionably, the law applies alike to all members of the same class. The growers of red and partial red varieties are in one class and the growers of yellow and green varieties are in the other. The latter varieties

comprise only five per cent of the total apples grown and marketed in this state. It may well be that the legislature found that the marketing of apples designated as C grade in standard Washington apple boxes had no adverse effect on the market value and reputation of the fancy grades of yellow and green varieties and, therefore, no change in the grading system for these apples was needed. The legislature may have found it to be a fact that color differences in the yellow and green varieties of apples are much less pronounced than in the red and partial red varieties, and have little significance in the mind of the purchaser.

In any event, there can be no doubt that a distinction exists, and the complaint does not show that it is an arbitrary or unreasonable distinction. The allegations, therefore, do not show that the act denies the plaintiffs the equal protection of the laws nor grants to others special privileges and immunities.

The legislature has even broader discretion and greater power in making classifications for taxation than it has for regulation. *Texas Co. v. Cohn, supra.* For purposes of excise taxes on businesses, a classification based solely on a difference in the method of operation of a particular kind of business is permissible. *Texas Co. v. Cohn, supra; H & B Communications Corp. v. Richland, supra.*

In the instant case, there are substantial functional differences between the local-alarm and foot-patrol type burglar alarm businesses vis-a-vis a centrally monitored system such as appellant's business. For example, in the case of a local alarm system, there is a one-time installation. After the system is turned over to the customer, participation by the seller of the alarm is over. Not by any means can a local alarm installer be considered as "operating or conducting a . . . burglary and police alarm system for hire." (Ordinance No. 62662.) The functional disparity, between appellant's system and a foot-patrol system, is even more pronounced. In the latter case, unlawful entry into a premises is perceived by human senses, and analyzed and verified by human judgment. On the other hand, appellant's electronic system detects any and all

sounds and once the decibel level reaches a certain threshold, the system automatically activates either an answering service or the listening staff at appellant's central monitoring station. We believe that the differences in the manner of installation, detection, monitoring and alarming of appellant's system and his competitor's is sufficient, under *Texas Co. v. Cohn* and *Hemphill v. Tax Comm'n, supra,* to uphold the excise tax classification in ordinance No. 62662.

 In the case of the excise tax in ordinance No. 62662, the object sought is the raising of revenue and so long as the rate is not so excessive as to be confiscatory, the tax is valid. *Texas Co. v. Cohn, supra; Oil Heat Institute v. Mukilteo, supra.* In *Texas Co. v. Cohn, supra,* we stated at page 376:

> The familiar rule that legislative classification, in order to come within constitutional limitations, must bear some reasonable relation to the object of the law in which it appears, originated in cases construing regulatory laws, where it has a natural and logical application. A statute prescribing a regulation in the exercise of the police power has a definite object which concerns the public health, safety, morals, or the like. If such a statute is not universal in its application, but applies only to a particular class, then, in order to satisfy constitutional requirements, the regulation of those within the class, as distinguished from those excluded therefrom, must tend to accomplish the object of the statute. When the rule is applied to a tax law, however, it should be done with due appreciation of the fact that usually the principal object of such a law, and very often the sole object, is to raise revenue for the support of the taxing government. Thus, the state may constitutionally tax one class and exempt other classes if the classification reasonably tends, in some lawful way, to facilitate the raising of revenue.

In the instant case, not only is the 7 percent tax on gross income constitutionally permissible, we believe that the uniqueness, complexity, high initial capitalization and the economics of scale of appellant's business places appellant in a position of being able to pay more than the smaller competitors. *H & B Communications Corp. v. Richland,*

supra; *Hemphill v. Tax Comm'n, supra; Texas Co. v. Cohn, supra.* We also believe that the high volume use that appellant makes of public utility phone lines and the extra demands it places on local law enforcement agencies (albeit, demands which are beneficial), converts appellant's operation into a sort of privileged enterprise that should compensate the public for the added revenue appellant gains by surcharging public instrumentalities. *Puget Sound Power & Light Co. v. Seattle*, 172 Wash. 668, 21 P.2d 727 (1933).

Appellant suggests that because ordinance No. 62662 taxes appellant's business at 7 percent of gross income while ordinance No. 72630 levies a tax of 1/10th of 1 percent on local-alarm or foot-patrol type competitors, should be a sufficient basis for overturning the statute. The fact that the higher tax rate on appellant's business may put him at a competitive disadvantage is of no moment. *Texas Co. v. Cohn, supra; A. Magnano Co. v. Hamilton*, 292 U.S. 40, 78 L. Ed. 1109, 54 S. Ct. 599 (1934). *Hemphill v. Tax Comm'n, supra; Oil Heat Institute v. Mukilteo, supra.* Only where a tax is confiscatory and intended to drive a class out of business altogether, will the competitive element be considered. *Pacific Tel. & Tel. Co. v. Seattle*, 172 Wash. 649, 21 P.2d 721 (1933); *Oil Heat Institute v. Mukilteo, supra.* Also, the considerations of separation of powers prompts us to leave ordinance No. 62662 intact. In *Puget Sound Power & Light Co. v. Seattle, supra,* this court, in adopting the holding of *State Bd. of Tax Comm'rs v. Jackson*, 283 U.S. 527, 75 L. Ed. 1248, 51 S. Ct. 540, 73 A.L.R. 1464 (1930), stated at pages 537-38:

> "A very wide discretion must be conceded to the legislative power of the State in the classification of trades, callings, businesses or occupations which may be subjected to special forms of regulation or taxation through an excise or license tax. If the selection or classification is neither capricious nor arbitrary, and rests upon some reasonable consideration of difference or policy, there is no denial of the equal protection of the law."

> It is not the function of this Court in cases like the present to consider the propriety or justness of the tax,

to seek for the motives or to criticize the public policy which prompted the adoption of the legislation. Our duty is to sustain the classification adopted by the legislature if there are substantial differences between the occupations separately classified. Such differences need not be great. The past decisions of the Court make this abundantly clear.

*Cf. Boeing Co. v. State,* 74 Wn.2d 82, 86-87, 442 P.2d 970 (1968). A city council has the same powers of classification as has the legislature. *Austin v. Seattle,* 176 Wash. 654, 657, 30 P.2d 646, 93 A.L.R. 203 (1934); *H & B Communications Corp. v. Richland, supra.*

■ As a final matter, we hold that ordinance No. 62662 is not, as appellant suggests, unconstitutionally vague. The test in Washington for vagueness is the "common intelligence" test. *State v. Reader's Digest Ass'n,* 81 Wn.2d 259, 273, 501 P.2d 290 (1972). In the instant case, the person of average intellect need not guess at the meaning of the words "operating or conducting a . . . burglary. . . alarm system for hire." The words "operating" and "conducting" are in present participle form which excludes in its application the one-time installation services of a local alarm system. The word "system" would not, in ordinary parlance, embrace the services of foot patrolmen. Ordinance No. 62662 does embrace the ongoing electronic monitoring system of appellant. The method of operation used by appellant, truly makes its business a "system for hire."

We have frequently upheld ordinances against challenges for vagueness, for example, *Seattle v. Jones,* 79 Wn.2d 626, 488 P.2d 750 (1971); *Spokane v. Vaux,* 83 Wn.2d 126, 516 P.2d 209 (1973).

We affirm the decision of the trial court in sustaining the constitutionality of ordinance No. 62662 and in dismissing appellant's case.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, UTTER, and BRACHTENBACH, JJ., concur.

Petition for rehearing denied, January 13, 1975.