[No. 43717.    En Banc.    January 22, 1976.]

BITTS, INC., ET AL, *Appellants*, v. THE CITY OF SEATTLE, ET AL, *Respondents.*

*William S. Howard* and *James V. Grubb* (*Arthur M. Schwartz*, of counsel), for appellants.

*John P. Harris, Corporation Counsel*, by *J. Roger Nowell, Assistant*, for respondents.

WRIGHT, J.—This is an action for a declaratory judgment under RCW 7.24.020 seeking to have chapter 10.98 of the Seattle city code declared unconstitutional. Plaintiffs-appellants also attack certain other sections of the city code as the same affect the matters herein discussed.

Appellants are the operators of businesses in Seattle which are known as "panoram" or "peep" shows. The businesses of all of the appellants are substantially the same; a customer goes into a booth, inserts money into a machine, and, by looking through a small opening, can see a motion picture on a screen. Although it seems to be well established that the pictures shown are of the "hard core pornography" variety, the principles involved herein would in no wise be changed if the pictures were "Snow White and the Seven Dwarfs," "Peter Pan," or "Alice in Wonderland." Only one customer is supposed to be in a booth at any one time; that rule, however, seems to be violated at times. The City of Seattle issues licenses for the operation of such businesses and each appellant's business is licensed.

After trial, the court dismissed appellants' complaint and found the challenged provisions of the Seattle city code to be constitutional. From that judgment of dismissal the appellants appeal. The appeal was taken initially to the Court

of Appeals and was certified to this court. We affirm the judgment of dismissal of the trial court and hold the challenged code provisions to be constitutional. We do, however, add a note of caution to the effect that the right to inspect does not authorize harassment.

■ One ground of challenge is the requirement of 5 years' residence in Seattle before a license will be issued. Appellants all have valid licenses and, therefore, have no standing to question the provision. One who is not adversely affected by a provision of a statute or ordinance has no standing to challenge the validity. In *State v. Spence*, 81 Wn.2d 788, 795, 506 P.2d 293 (1973), we said in part:

> One may not urge the unconstitutionality of a statute unless he has been adversely affected by the features of it which he claims are unconstitutional. *State v. Lundquist*, 60 Wn.2d 397, 374 P.2d 246 (1962); *State v. Human Relations Research Foundation*, 64 Wn.2d 262, 391 P.2d 513 (1964).

The principal ground urged most vigorously by appellants relates to the provisions of Seattle city code 10.98.070, which reads:

> The interior of the panoram or peepshow premises shall be arranged in such a manner that the area from which panoram pictures or film is to be viewed and, from the waist down, any person viewing such panoram pictures or film is visible from the entrance to such premises. The licensee shall not permit any doors to public areas on the premises to be locked during business hours. Any room or area on such premises shall be readily accessible at all times for inspection by any law enforcement officer. The licensee shall maintain minimum illumination generally distributed in all parts of the premises at all times when the panoram area is open or when the public is permitted to enter or remain therein.

The challenges cover several theories: vagueness, restraint on freedom of speech, and lack of equal protection. The theory most vigorously urged relates to the lack of equal protection and primarily contends that motion picture. theaters are not similarly regulated. It takes little imagination to see the substantial differences between peep

shows and conventional motion picture theaters. The general nature of a conventional motion picture theater is so well known as to be properly the subject of judicial notice. The nature of a peep show was the subject of considerable testimony and appears clearly in the record.

In a conventional motion picture theater customers are seated in a single large room to view a picture projected on a large screen. The customers are in view from all parts of the theater when the lights are on. The lights are on before and after the showing of the picture, and, of necessity, are turned down or turned off while a picture is being projected to permit clear viewing. The presence of light generally in the room would dim the projected image.

On the other hand, a peep show is a place where the customer goes into a booth and then puts a coin in a slot to start the machine and looks through a small opening to see the projected image on the screen. The enclosure protects the screen from outside light and also prevents anyone who has not paid from seeing the projected image.

A classification in a statute or ordinance which is based upon a valid distinction will be upheld. In *H & B Communications Corp. v. Richland*, 79 Wn.2d 312, 316, 484 P.2d 1141 (1971) we said in part:

> The state legislature is allowed very broad discretion in making classifications. *Boeing Co. v. State*, 74 Wn.2d 82, 442 P.2d 970 (1968). A city council has the same power to make classifications as does the state legislature. *Austin v. Seattle*, 176 Wash. 654, 30 P.2d 646, 93 A.L.R. 203 (1934).

In *Sonitrol Northwest, Inc. v. Seattle*, 84 Wn.2d 588, 590, 528 P.2d 474 (1974) we said in part:

> Legislative bodies have very extensive powers to make classifications for purposes of legislation. . . .
> The test for purposes of classification is merely whether "any state of facts reasonably can be conceived that would sustain the classification."

*See also Clark v. Dwyer*, 56 Wn.2d 425, 353 P.2d 941 (1960).

■ We are likewise firmly committed to the rule that one who challenges the validity of a statute or ordinance has the burden of establishing the invalidity thereof. *Seattle v. Jones*, 79 Wn.2d 626, 488 P.2d 750 (1971).

A classification as between conventional motion picture theaters and peep shows is based upon obvious differences and is, therefore, valid.

■ The objection as to vagueness likewise, after full and careful consideration, must be rejected. The test is whether the language can be understood by a person of normal understanding.

In *State v. Primeau*, 70 Wn.2d 109, 112, 422 P.2d 302 (1966) we said in part: "[I]f the wording apprises a person of common understanding of the conduct sought to be proscribed, then it is not too vague or indefinite to meet the constitutional tests."

Another way to express the test is to say a statute must give warning as to what conduct  is unlawful. *State v. Primeau, supra*; *State v. Malone*, 9 Wn. App. 122, 511 P.2d 67 (1973).

The language of the challenged code provision meets the test herein stated and, therefore, is not void for vagueness.

■ The challenge that the ordinance is an impermissible restraint upon free speech must likewise fail. The ordinance does not attempt to regulate what is shown. As we said earlier herein, if the pictures shown were "Snow White and the Seven Dwarfs," "Peter Pan," or "Alice in Wonderland" the principles involved would be not the slightest different. The only matters involved in the challenged ordinance are the arrangement of the interior of the peep show and the conditions of the premises. There is involved no matter of censorship nor any form of restraint upon what is shown.

The requirements as to availability of the premises to inspection are in and of themselves valid. That, however, is not to say there may not be problems with how such inspections are carried out.

Such harassment as was found impermissible in *Bee See Books, Inc. v. Leary*, 291 F. Supp. 622 (S.D.N.Y. 1968)

would not and could not be approved by the courts. The ordinance is not herein construed to permit such police activity.

The record contains considerable evidence to show past police activity which was far worse than the activity in *Bee See Books*. Among the items of evidence in this record to which we here refer is the evidence of officers crawling under locked doors to gain access to compartments at a time when the ordinance did not forbid the locking of the doors to individual compartments. There is likewise evidence in the present litigation of police telling customers they should not go upon appellants' premises, that such were bad places. While such matters are not presently before the court, we do want to make it plain we are not placing our stamp of approval upon such activities.

Any contention that peep shows should not be subject to being licensed seems to be abandoned. All appellants hold valid licenses and have paid all required license fees. In any event, appellants lack standing to raise the matter. The same considerations apply equally to the objection to the provision of the ordinance which limits the number of licenses which may be issued within the city.

The matter to which appellants most seriously object is the economic loss which will result from relocating the booths. The economic hardship seems to flow from several interconnected reasons: (1) cost of the relocation, (2) time the business will be closed to permit the relocation, and (3) less booths could be on the premises after relocation. Appellants also claim they may be forced to move due to urban renewal, and thus, have insufficient time to recover the cost of the required remodeling.

■ Economic hardship cannot usually be urged as a reason for the invalidity of an otherwise valid statute or ordinance enacted under the police power. *Wiegardt v. Brennan*, 192 Wash. 529, 73 P.2d 1330 (1937); *State v. Dexter*, 32 Wn.2d 551, 202 P.2d 906, 13 A.L.R.2d 1081 (1949).

■ Error is assigned to several of the trial court's findings of fact. Each of the said findings, if such finding is in

truth a finding of fact rather than a conclusion of law, is supported by substantial evidence. We uniformly accept findings supported by substantial evidence. *Sylvester v. Imhoff*, 81 Wn.2d 637, 503 P.2d 734 (1972).

We have carefully reviewed the record herein and have considered appellants' assignments of error. Having done so, we affirm the trial court.

STAFFORD, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.