386

[No. 4155-43571-1.   Division One.   November 15, 1976.]

THE CITY OF BELLEVUE, *Respondent*, v. PAUL C. PATTERSON, ET AL, *Appellants.*
THE CITY OF BELLEVUE, *Respondent*, v. DEAN LYBER, ET AL, *Appellants.*

*Breskin, Rosenblume & Robbins, Arnold B. Robbins, Newman & Bradshaw, P.S.,* and *Joel E. Bradshaw,* for appellants.

*Lee Kraft, City Attorney,* and *Richard Gidley* and *Laurence G. Nord, Jr., Assistants,* for respondent.

FARRIS, J.—The trial court issued a writ of mandamus compelling Paul C. Patterson, Henry F. McCullough and John R. Janson, as commissioners of King County Water District No. 107, a municipal corporation, and Dean Lyber, Robert Boscole and Joseph Schembrie, as commissioners of Eastgate Sewer District, a municipal corporation, to comply with a City of Bellevue business and occupation tax ordinance. The commissioners appeal.

The boundaries of King County Water District No. 107 and Eastgate Sewer District overlap the boundary of the

City of Bellevue with the result that some of the customers of each utility district reside within the boundaries of the City of Bellevue.

City of Bellevue ordinance No. 1989, as amended by ordinance No. 2017, imposes a business and occupation license fee and excise tax upon the sewer and water districts. The appeal attacks the power of the City of Bellevue to impose such taxes and questions the constitutional permissibility of the effect of the taxes.

Specific authority for the City of Bellevue's right, as a noncharter optional code city, to fix and collect a license tax for revenue purposes is found in RCW 35A.82.020, which grants *inter alia* the power to license for revenue purposes to the extent and in the manner "authorized by general law for any class of city . . ." RCW 35.23.440(9) specifically enumerates the licensing power of second class cities and provides:

> License generally: To fix and collect a license tax for the purposes of revenue and regulation, upon all occupations and trades, and all and every kind of business authorized by law not heretofore specified: *Provided*, That on any business, trade, or calling not provided by law to be licensed for state and county purposes, the amount of license shall be fixed at the discretion of the city council, as they may deem the interests and good order of the city may require.

The commissioners argue that article 7, section 9 and article 11, section 12 of the Washington State Constitution require that a legislative grant of the power to tax must specifically enumerate those to be subjected to the tax. Accordingly, they urge that because RCW 35.23.440(9) does not provide the basis for a business and occupation tax on sewer and water districts, the City of Bellevue lacked the power to impose the tax here in question. We disagree. The broad grant of authority to "fix and collect a license tax . . . upon all occupations and trades, . . . and every kind of business authorized by law" (RCW 35.23.440(9)) is a sufficient statement by the legislature to translate the constitutional provisions, which are admit-

tedly not "self-executing," *Carkonen v. Williams,* 76 Wn.2d 617, 627, 458 P.2d 280 (1969), into a "specific grant of power by the sovereign." *Great Northern Ry. v. Glover,* 194 Wash. 146, 159, 77 P.2d 598 (1938). *See Fleetwood v. Read,* 21 Wash. 547, 58 P. 665 (1899); *Pacific Tel. & Tel. Co. v. Seattle,* 172 Wash. 649, 21 P.2d 721 (1933).

The State may preempt certain areas of taxation otherwise within the ambit of a specific grant or it may limit the grant as it did in RCW 54.28.070, which permits taxation of a P.U.D. only on revenue derived from the sale of electricity and not water. The State may also choose to exempt certain businesses but such is not to be presumed by silence. In fact,

> an exemption from a taxation statute must be strictly construed in favor of the application of the tax . . . the burden of proof is on the person seeking the exemption.

*In re Fors Farms, Inc.,* 75 Wn.2d 383, 387, 450 P.2d 973 (1969). Municipal corporations as a class enjoy no exemption from taxation. *See Seattle v. State,* 59 Wn.2d 150, 367 P.2d 123 (1961).

Neither does the tax violate the fourteenth amendment to the United States Constitution and article 1, section 12 and article 7, section 9 of the Washington State Constitution ("Special Privileges and Immunities Prohibited"; "Special Assessments or Taxation for Local Improvements"). We reject the commissioners' argument that those constitutional provisions are violated because the tax and the high cost of collecting it must be passed on to customers who reside within the city limits, resulting in a disparity between the higher taxed Bellevue customers and the other customers who do not reside within the city. The eight designated classes subject to the tax are assessed at the same rate, 4.8 percent. The commissioners do not contend that other entities providing water and sewerage are afforded preferential treatment under the tax scheme. *See Sonitrol Northwest, Inc. v. Seattle,* 84 Wn.2d 588, 528 P.2d

474 (1974); *H & B Communications Corp. v. Richland*, 79 Wn.2d 312, 484 P.2d 1141 (1971).

Special problems which result from an overlapping of utility districts and city limits is a problem to be addressed by the legislature unless those problems offend the constitution. *See King County Water Dist. 54 v. King County Boundary Review Bd.*, 87 Wn.2d 536, 554 P.2d 1060 (1976). The statute is not unconstitutional as applied here. What happens if the utility district overlaps two or three different city boundaries, a problem posed hypothetically during oral argument, is not now before us.

Affirmed.

WILLIAMS, C.J., and SWANSON, J., concur.

Petition for rehearing denied March 30, 1977.

Review by Supreme Court pending September 29, 1977.