[No. 5366–44399–1.   Division One.   January 16, 1978.]

MARK A. FUHRMANN, *Respondent,* v. ROSS M. PETERSON, ET AL, *Appellants.*

*Slade Gorton, Attorney General,* and *Nate D. Manna-kee, Assistant,* for appellants.

*John B. Midgley,* for respondent.

FARRIS, C.J.—Ross M. Peterson and J. Franklyn John-son, members of the Washington State Board of Prison Terms and Paroles, appeal from a decision of the Superior Court vacating the board's order which canceled Mark A. Fuhrmann's parole release date and added 1 year to his minimum term.

■■ The Board of Prison Terms and Paroles found that a letter written by Fuhrmann constituted attempted extortion in violation of WAC 275–88–030:

> 503—Extortion, blackmail, demanding or receiving money or anything of value in return for protection against others, or under threat of informing

Fuhrmann appealed the ruling to the Superior Court alleg-ing (1) that paragraph 503 is void for vagueness and (2) that his conduct in writing the letter could not be con-sidered "attempted extortion" under any relevant defini-tion of the offense. The Superior Court held that, although paragraph 503 is not in its entirety unconstitutional, the word "extortion" as used therein is not sufficiently specific to afford adequate notice of what conduct is prohibited. It then concluded that Fuhrmann's due process rights had been violated and ordered that the decision of the Board of Prison Terms and Paroles be vacated.

The test in Washington for vagueness is the "common intelligence" test enunciated in *State v. Reader's Digest Ass'n,* 81 Wn.2d 259, 273, 501 P.2d 290 (1972). *Sonitrol Northwest, Inc. v. Seattle,* 84 Wn.2d 588, 594, 528 P.2d 474 (1974). The terms of a statute are sufficiently defined where men of common intelligence need not guess at their meaning. The vagueness test does not require a statute to meet impossible standards of specificity. *Blondheim v. State,* 84 Wn.2d 874, 878, 529 P.2d 1096

(1975). If, based on common practice and understanding and in the context of well–defined usage, a statute provides fair notice of what it requires, then it will not be subject to a procedural due process challenge on grounds of vagueness. *See Blondheim v. State, supra; State v. Dixon,* 78 Wn.2d 796, 805–06, 479 P.2d 931 (1971).

*Chicago, M., St. P. & P.R.R. v. State Human Rights Comm'n,* 87 Wn.2d 802, 805, 557 P.2d 307 (1976). "Extortion" has a well–understood common meaning: getting money or favor by the use of threats. A person of ordinary intelligence knows that meaning and need not guess at what the regulation forbids. *See State v. Carter,* 89 Wn.2d 236, 570 P.2d 1218 (1977). Using this standard, the term "extortion" as used in paragraph 503 is not unconstitutionally vague.

Reversed and remanded for a determination of whether the parole board was correct in finding that the letter written by Fuhrmann was "attempted extortion" under the definition of the offense in the administrative code.

WILLIAMS and CALLOW, JJ., concur.