[No. 5456-1.   Division One.   May 1, 1978.]

THE CITY OF SEATTLE, *Appellant,* v. STEPHEN HOWARD PLATT, *Respondent.*

*Douglas N. Jewett, City Attorney,* and *P. Stephen DiJulio, Assistant,* for appellant.

*Christine Wyatt* of *Seattle–King County Public Defender,* for respondent.

JAMES, J.—The sole issue in this appeal is the constitutionality of section 12A.28.020 of Seattle City Ordinance No. 102843. The ordinance provides:

> It is unlawful for any person or persons to race any motor vehicle or motor vehicles upon any street of The City of Seattle. Any person or persons comparing or contesting relative speed by simultaneous operations shall be prima facie guilty of reckless driving, whether or not such speed is in excess of the maximum speed prescribed by law.

Defendant, Stephen Platt, was convicted in municipal court of violating this ordinance. He appealed to King County Superior Court.

At the outset of trial, the judge granted Platt's oral motion to dismiss the complaint with prejudice. The judge ruled without receiving evidence from either party that "Municipal Code Section 12A.28.020 is unconstitutional in that it is void for vagueness." The City then filed a motion for reconsideration accompanied by an affidavit from the Seattle police officer who had cited Platt for racing. The affidavit recites the conduct witnessed by the officer before he stopped Platt's vehicle and another vehicle and issued both drivers citations for racing.

The following recitation of facts is the basis of the charge against Platt. The officer observed two motor vehicles facing northbound stopped at a stop sign at North 87th Street and Greenwood Avenue North in Seattle. A 1963 Dodge driven by Platt was in the center lane and a Ford Pinto station wagon was in the curb lane. Both vehicles moved out from the intersection running side by side. A speed of 15 to 20 m.p.h. was maintained by the vehicles for a short

distance. The cars then accelerated rapidly in such a manner that their rear tires broke traction and the rear portion of each of the cars fishtailed from side to side.

As the vehicles passed the officer's position in the 8900 block of Greenwood Avenue, their speed approached 50 m.p.h. The officer followed and paced the cars for the next 8 blocks. The vehicles, traveling side by side, exceeded 70 m.p.h. in the "posted" 30 m.p.h. speed zone.

As the vehicles approached the intersection of North 105th Street, Platt's car gained a car length and moved in front of the other vehicle before both cars slowed and stopped for a red traffic signal. After ascertaining that the drivers of the vehicles knew each other, the officer issued citations to both drivers.

The City argues that the ordinance Platt was convicted of violating is not unconstitutionally vague. The language of the ordinance, the City argues, is sufficient to have given Platt notice that his conduct was prohibited.

■■ From the profusion of appellate cases, both federal and state, concerned with "vagueness" challenges, we discern the following principles which we find determinative in this case.

1. The ordinance is presumed to be valid and not unconstitutionally vague. *State v. Primeau,* 70 Wn.2d 109, 422 P.2d 302 (1966).

2. Platt's burden to demonstrate invalidity is proof beyond reasonable doubt. *State v. Primeau, supra.*

3. Because no First Amendment freedom is involved, the ordinance must be examined "in the light of the facts of the case at hand." *United States v. Mazurie,* 419 U.S. 544, 550, 42 L. Ed. 2d 706, 95 S. Ct. 710 (1975). *Accord, United States v. Powell,* 423 U.S. 87, 46 L. Ed. 2d 228, 96 S. Ct. 316 (1975).

As recognized in *State v. Dixon,* 78 Wn.2d 796, 801, 479 P.2d 931 (1971):

> Unless a criminal statute is so glaringly unconstitutional, so palpably in derogation of specifically enumerated and declared constitutional rights that reasonable

men could not differ about it, its constitutionality should be tested in the light of some kind of behavior, actual or hypothetical. Courts do not operate in a vacuum. Knowledge of the facts which evoked the issues of law is usually essential to an understanding of the law to be applied.

4. The test to be applied when considering "the facts of the case at hand" is: Would Platt, as a reasonable man, using common sense, know that his alleged conduct was proscribed by the ordinance? *Bitts, Inc. v. Seattle,* 86 Wn.2d 395, 544 P.2d 1242 (1976).

The language of the challenged ordinance meets the tests above stated and is not void for vagueness.

Reversed and remanded.

CALLOW and DORE, JJ., concur.