[No. 24203. Department Two. March 9, 1933.]

ASSOCIATED OIL COMPANY, *Respondent*, v. THE
SEIBERLING RUBBER COMPANY, *Appellant*.[1]

*Arthur M. Harris* and *John E. Howley,* for appellant.

*Eggerman & Rosling,* for respondent.

TOLMAN, J.—This is an action to recover on a written guaranty. The suit was brought against The Seiberling Rubber Company, an Ohio corporation licensed to do business in this state. The complaint alleges that the guaranty was executed by the defendant, the Ohio corporation, but in the written guaranty, attached to the complaint as an exhibit, the guarantor is described as Seiberling Rubber Company, a Delaware corporation, and the guaranty is signed Seiberling Rubber Company.

The defendant answered, admitting that it was an Ohio corporation, but as to all the allegations of the complaint upon which liability is predicated, the answer consists of a general denial. After the answer was filed, the plaintiff discovered, apparently for the

[1]Reported in 19 P. (2d) 940.

first time, that there were two corporations closely allied, one, the defendant, an Ohio corporation known as The Seiberling Rubber Company, and the other, a Delaware corporation, known as Seiberling Rubber Company. The plaintiff then filed an amended and supplemental complaint, in which it alleged:

"That defendant is an Ohio corporation transacting business in the State of Washington; that Seiberling Rubber Company is a Delaware corporation and the owner of all of the capital stock of the defendant except qualifying shares issued to trustees; that the officers of said two corporations are identical and the business of said two corporations is so constructed and their affairs so commingled and inter-related as to constitute said two corporations one single identity."

By answer to the amended and supplemental complaint, the Ohio corporation admitted that there were two corporations organized and named as alleged, but denied the commingling of the affairs of those corporations.

On these issues, the case was tried to the court, sitting without a jury, on the merits, resulting in findings of fact and conclusions of law which, so far as now material, are as follows:

"That defendant is a corporation organized under the laws of the state of Ohio on February 19, 1924, capitalized at the sum of $10,000 and qualified to and transacting business in the state of Washington; that Seiberling Rubber Company is a corporation organized under the laws of the state of Delaware on November 16, 1921, with an authorized capital stock of 50,000 preferred shares, par value $100 each, and 500,-000 non-par common shares; that Seiberling Rubber Company, a Delaware corporation, is not authorized to do business in the state of Washington, is not doing business within said state, has appointed no statutory agent within said state and has no property within said state. . . .

"That on June 25, 1930, for a valuable consideration, there was executed and delivered to this plaintiff a certain guaranty executed in form by Seiberling Rubber Company, a Delaware corporation, by the terms of which said guarantor guaranteed that all covenants and conditions agreed to be performed and observed by C. B. Reynolds, Inc., sublessee, in said sublease, should be performed and observed as therein provided, and further guaranteed the payment of rental in part, to-wit, up to and not to exceed $100.00 per month; that a copy of said guaranty is attached to the complaint herein marked Exhibit 'A' and the original thereof was introduced in evidence in this cause.
. . .

"That Seiberling Rubber Company, a Delaware corporation, owns all of the capital stock of The Seiberling Rubber Company, an Ohio corporation; that the officers of the two corporations are identical; that the business affairs of the two corporations are conducted from the same offices and quarters at Akron, Ohio; that the quarters, equipment and property where the business of the two companies is conducted is owned by the Delaware corporation, which also pays all expenses of upkeep, taxes, rent and similar expenses of such quarters.

"That the correspondence and letters passing between the plaintiff and the two Seiberling Companies aforesaid at and about the time of the execution of the aforesaid guaranty, coupled with the similarity in names and the manner in which the business of the two companies was commingled and interwoven, constituted a constructive fraud upon the plaintiff herein, entitling the plaintiff to treat the two corporations as one single entity. . . .

"CONCLUSIONS OF LAW.

"That the guaranty executed by Seiberling Rubber Company, a Delaware corporation, is a valid and subsisting obligation of the defendant herein for the term of the aforesaid lease, namely, for a term commencing June 8, 1929, and ending May 31, 1934, as well as the obligation of Seiberling Rubber Company, a Delaware corporation, and plaintiff is entitled to judgment

against the defendant in the sum of $2,200, being the guaranteed deficiency in rental for months, April, May, November, December, 1930, all of 1931, and the first six months of 1932, and for its costs and disbursements herein.''

A judgment followed against the defendant The Seiberling Rubber Company, an Ohio corporation, as prayed for, and that corporation has appealed to this court.

The questions raised on this appeal do not go to the merits of respondent's claim as against the corporation legally liable, but only to the point that the guaranty was not made by the appellant, and that therefore it cannot be held liable thereon.

We have carefully studied the testimony and the correspondence introduced in evidence, which, in our judgment, well supports the findings quoted.

The trial court might have gone further and found that the request for the guaranty was made direct to the appellant corporation, and that it responded to that request in such a way as to leave one ignorant of the facts to believe that the written guaranty which it delivered by mail was its own. We find nothing of a convincing nature in the evidence from which it can be inferred that the respondent had any knowledge, or was in any way put on notice, of the true situation or of the existence of the two corporations. The evidence well establishes that respondent was thoroughly misled and deceived, both when it accepted the written guaranty and when it brought this action.

█ Undoubtedly, it is the general rule that mere common ownership of the capital stock or interlocking directorates, or like evidences of close association, will not justify the courts in disregarding corporate identities, but where, as here, the identities are so confused and intermingled as to result in probable fraud upon

third persons dealing with the corporations or either of them, whether fraud be actually intended or not, then the exception to the rule will apply, and the exception is as well established as the rule itself. *Mitchell v. Lea Lumber Co.*, 43 Wash. 195, 86 Pac. 405, 9 L. R. A. (N. S.) 900; *Spokane Merchants Association v. Clere Clothing Co.*, 84 Wash. 616, 147 Pac. 414; *Platt v. Bradner Co.*, 131 Wash. 573, 230 Pac. 633. In none of the cases cited do the facts more strongly call for the application of the exception to the general rule than do the facts in this case.

The judgment is therefore affirmed.

BEALS, C. J., MAIN, STEINERT, and BLAKE, JJ., concur.