[No. 36209.   Department Two.   December 27, 1962.]

ARTHUR O. ARMSTRONG, *Appellant*, v. THE STATE OF WASHINGTON, *Respondent*.*

*Reported in 377 P. (2d) 409.

*McMicken, Rupp & Schweppe,* for appellant.

*The Attorney General* and *Henry W. Wager, Assistant,* for respondent.

FINLEY, C. J.—This is a lawsuit for a declaratory judgment, pursuant to RCW 7.24, coupled with a demand, in accordance with RCW 82.32.180, for the return of business and occupation taxes previously paid to the state under RCW 82.04.

The appellant, Arthur O. Armstrong, is licensed under RCW 48.05.310 as a general agent engaged in the business of selling insurance in Seattle, Washington, under the name of Armstrong General Agency. Appellant (emphasizing that as a general agent he performs essentially the same functions as insurance company branch offices), contends that the B and O tax levied upon him is unconstitutional; *i.e.,* it violates the equal protection clauses,[1] because RCW 82.04.320[2] exempts branch offices of insurance companies from the tax. The trial court entered judgment upholding the tax and dismissing the appellant's complaint with prejudice.

The trial court made findings essentially as follows: The plaintiff is an independent, general insurance agent, in business for himself, selling insurance which is offered

[1]U.S. Const. Fourteenth Amendment, § 1; Const. Art. 1, § 12. The decision in *Texas Co. v. Cohn* (1941), 8 Wn. (2d) 360, 374, 112 P. (2d) 522, stated: ". . . this court regards the equal privileges and immunities provision of Art. I, § 12, of the state constitution and the equal protection clause of the fourteenth amendment to the Constitution of the United States as substantially identical."

[2]RCW 82.04.320. "Exemptions—Insurance Business. This chapter shall not apply to any person in respect to insurance business upon which a tax based on gross premiums is paid to the state: *Provided,* That the provisions of this section shall not exempt any person engaging in the business of representing any insurance company, whether as general or local agent, or acting as broker for such companies: . . ."

to the public by several different companies. *He hires* his own employees, *agents or salesmen who sell insurance directly to the public.*[3] The plaintiff receives compensation in the form of commissions from the insurance companies. These are measured or determined by the amount of insurance sold. Some insurance companies have branch offices which are staffed by salaried employees of the companies and perform the same functions as a general agent. While a general agent pays B and O taxes under RCW 82.04.290, measured by the gross income of his business, no such *tax* is paid by the branch offices which are part of the organization of insurance companies. However, regardless of *how* insurance *is* sold, whether by general agents or through branch offices, a tax is paid by all insurance companies on all gross premiums derived from business in the state of Washington.

In *Allied Stores of Ohio v. Bowers* (1958), 358 U. S. 522, 526-528, 3 L. Ed. (2d) 480, 79 S. Ct. 437, the United States Supreme Court stated:

" . . . Of course, the States, in the exercise of their taxing power, are subject to the requirements of the Equal Protection Clause of the Fourteenth Amendment. But that clause imposes no iron rule of equality, prohibiting the flexibility and variety that are appropriate to reasonable schemes of state taxation. The State may impose different specific taxes upon different trades and professions and may vary the rate of excise upon various products. It is not required to resort to close distinctions or to maintain a precise, scientific uniformity with reference to composition, use or value. . . . [Citing cases.] 'To hold otherwise would be to subject the essential taxing power

---

[3]Appellant assigns error to the finding of fact expressed in the italicized portion of this sentence. Although the agents and salesmen *are compensated by commissions from the insurance companies, it is* nevertheless appropriate to refer to them as having been "hired" by the appellant. This is true because the agents are selected and appointed by the appellant and are subject to dismissal by him. The disputed finding indicates that appellant's employees sell directly to the public, while the record clearly shows only the agents and salesmen, not the salaried employees of the appellants, sell directly to the public. However, this minor error does not affect the validity of the conclusion of law derived from these findings of fact.

of the State to an intolerable supervision, hostile to the basic principles of our Government and wholly beyond the protection which the general clause of the Fourteenth Amendment was intended to assure.' . . . [Citing cases.]

"But there is a point beyond which the State cannot go without violating the Equal Protection Clause. The State must proceed upon a rational basis and may not resort to a classification that is palpably arbitrary. . . . 'If the selection or classification is neither capricious nor arbitrary, and rests upon some reasonable consideration of difference or policy, there is no denial of the equal protection of the law.' . . . [Citing cases.] That a statute may discriminate in favor of a certain class does not render it arbitrary if the discrimination is founded upon a reasonable distinction, or difference in state policy. . . . [Citing cases.]"

In *State ex rel. Stiner v. Yelle* (1933), 174 Wash. 402, 25 P. (2d) 91, the issue was whether the exemption of (1) agriculture and (2) the performance of various services rendered the B and O tax unconstitutional. Therein, at page 407, the court said:

"This being an excise tax, the legislature, under the 14th amendment to our state constitution, has very broad power, and we cannot interfere with that power except for arbitrary action, clear abuse, or constructive fraud appearing on the face of the act or from facts of which we may take judicial knowledge.

" 'A very wide discretion must be conceded to the legislative power of the state in the classification of trades, callings, businesses or occupations which may be subjected to special forms of regulation or taxation through an excise or license tax. If the selection or classification is neither capricious nor arbitrary, and rests upon some reasonable consideration of difference or policy, there is no denial of the equal protection of the law.' *Brown-Forman Co. v. Kentucky*, 217 U. S. 563."

In *Supply Laundry Co. v. Jenner* (1934), 178 Wash. 72, 34 P. (2d) 363, the court reiterated the quotation from *Brown-Forman Co. v. Kentucky*, 217 U. S. 563, 54 L. Ed. 883, 30 S. Ct. 578, and quoted from *State Board v. Jackson* (1931), 283 U. S. 527, 537-538, 75 L. Ed. 1248, 51 S. Ct. 540, 73 A. L. R. 1464, as follows:

" 'It is not the function of this Court . . . to consider the propriety or justness of the tax, . . . Our duty is to sustain the classification adopted by the legislature if there are substantial differences between the occupations separately classified. *Such differences need not be great.*'" (Italics ours.)

In *Texas Co. v. Cohn* (1941), 8 Wn. (2d) 360, 386-387, 112 P. (2d) 522, the court, reviewing previous decisions relating to the matter of equal protection in the field of tax law, stated:

"A state legislature has very broad discretion in making classifications in the exercise of its taxing powers. A classification of commodities, businesses, or occupations, for excise tax purposes, under which the classes are taxed at unequal rates, or one class is taxed and another is exempted, will be upheld as constitutional if it is not arbitrary nor capricious and rests upon some reasonable basis of difference or policy. The difference between the classes need not be great. . . . If any such reasonable basis for the classification exists, or conceivably may exist, then the circumstance that there is competition between a commodity or business which is taxed and some commodity or business which is not taxed, does not materially affect the validity of the classification."

As indicated heretofore, a tax is imposed on all insurance companies, measured by the gross premiums received from business in Washington; RCW 48.14.020. This gross premium tax has been labeled an "in lieu of" tax by RCW 48.14.080. RCW 82.04.320 (previously quoted in footnote 2), specifically provides that RCW 82.04 (B and O tax) does not apply to any person in respect to insurance business upon which the gross premium tax has been imposed. But the exemption does not apply to those who engage in the *business of representing* insurance companies.

Although the appellant performs the same functions for insurance companies as do their branch offices, there is a substantial difference. The crux of the matter is that the appellant operates his own separate business, which performs services for the insurance companies; whereas the branch offices are an integral or organizational part of the insurance companies. The separate, independent nature of

the appellant's business is indicated by the fact that he rents his own office space, hires his own employees, is personally liable for expenses and losses incurred in the operation of his business.

The cases previously cited clearly allow a wide latitude to the legislative branch in formulating classifications for excise tax purposes. If the classification is neither arbitrary nor capricious and rests upon some reasonable consideration or policy, it will not be upset by the courts. The trial court recognized the breadth of this power in its memorandum opinion, which was critical of the wisdom of imposing the tax on local business, but stated that this was subject to revision only by legislative action. Pursuant to the reasoning emphasized hereinbefore, we agree with the conclusion of the trial court: that the disputed tax does not violate the equal protection clauses.

In reaching this conclusion we find support in the prior decision of the court in *Supply Laundry Co. v. Jenner*, *supra*, wherein it is stated:

". . . there is, in our opinion, equal ground and logical basis for a distinction between those who are privileged to conduct a business of their own, professional or otherwise, in the community, and those who are simply employed by others. . . ." (p. 77.)

This distinction appears to us to have been utilized in the levying of the disputed tax.[4] The legislative decision

---

[4]Rule 105, Rules Relating to the Revenue Act:

"The Revenue Act imposes taxes upon persons engaged in business but not upon persons acting solely in the capacity of employees or servants. . . .

"Persons Engaging in Business—A person engaging in business is generally one who holds himself out to the public as engaging in business either in respect to dealing in real or personal property or in respect to the rendition of services; one to whom gross income of the business inures; one upon whom liability for losses lies or who bears the expense of conducting a business; one, generally, acting in an independent capacity, whether or not subject to immediate control and supervision by a superior, or one who acts as an employer and has employees subject to his control and supervision.

"Persons . . . deemed to be engaging in business . . . must . . . pay the Business and Occupation Tax . . .

"Employees and Servants—An employee or servant is an individual

to consider the gross premium tax as the exclusive tax on insurance company operations and to exempt branch offices from the B and O tax does not mean that it is necessary for the legislature to grant an exemption to general agents who are in business for themselves.

The United States Supreme Court, in *Caskey Baking Co. v. Virginia* (1941), 313 U. S. 117, 120-121, 85 L. Ed. 1223, 61 S. Ct. 881, stated that

". . . were it not for . . . [this tax], such peddlers would be the only vendors in Virginia to escape some form of taxation."

In the present case, if the appellant should be exempted from the disputed tax, then he would be in the unique position of paying no state taxes whatever, while everyone else engaged in business would be paying such taxes in one form or another. This, of course, is not determinative but is a factor which may be considered in determining whether the classification for tax purposes is based upon some reasonable consideration of difference or policy.

We affirm the judgment of the trial court upholding the validity of the imposition of the B and O tax in this case.

DONWORTH, OTT, HUNTER, and HAMILTON, JJ., concur.

---

whose entire compensation is fixed at a certain rate per day, week or month, or at a certain percentage of the business obtained by such employee or servant, payable in all events; one who has no direct interest in the income or profits of the business other than a wage or commission; one who has no liability for the expenses of maintaining an office or place of business, for other overhead or for compensation of employees; one who has no liability for losses or indebtedness incurred in conducting the business; one whose conduct with respect to services rendered, obtaining of, or transacting business, is supervised or controlled by the employer. . . ."