RENA-WARE DISTRIBUTORS, INC., *et al., Appellants,* v. THE STATE OF WASHINGTON, *Respondent.**

*Witherspoon, Kelley, Davenport & Toole,* by *John L. Neff* and *Allan H. Toole,* for appellants.

*Reported in 463 P.2d 622.

*The Attorney General, Henry W. Wager* and *Timothy R. Malone, Assistants,* for respondent.

ROSELLINI, J.—The appellant, a Washington corporation, contests a deficiency assessment for business and occupation taxes, which was sustained by the trial court.

The appellant sells cookware, door-to-door, in the United States, and its wholly-owned subsidiary, Rena-Ware Distributors, Ltd., sells similar products in Canada. Sales by Rena-Ware Distributors, Inc., are made from district sales offices in approximately 30 cities in the United States, including two in the state of Washington, but all orders are received and processed at the home office in Opportunity, Washington.

Deliveries are made from warehouses in a number of states. The appellant does not manufacture the products but purchases them from various manufacturers.

When cash is not paid for a purchase, a service charge, designated as such, is added to the purchase price. The service charge is the same, regardless of the amount of the unpaid balance. Installment sales result in increased costs of doing business, but the appellant's books do not show whether the service charge is sufficient to cover or exceeds the cost of servicing installment accounts.

The Washington State Department of Revenue has not attempted to collect a business and occupation tax on the receipts from sales made to customers outside the state, conceding that these are immune under the commerce clause of the constitution of the United States. It has, however, made an assessment upon the receipts from the service charge, on the theory that the servicing of accounts is a business handled entirely within the state and that a tax upon it is not a burden on interstate commerce.

It is the contention of the appellant that the service charge is a part of the sale price, and therefore it too cannot be reached by the taxing authority of the state.

RCW 63.14.010 (Laws of 1963, ch. 236, § 1), defining the terms used in this chapter, which regulates retail installment sales, provides in subsection (8):

"Service charge" however denominated or expressed, means the amount which is paid or payable for the privilege of purchasing goods or services to be paid for by the buyer in installments over a period of time.

The taxing act, RCW 82.04, does not define service charge and in fact does not utilize the term.

During the period involved in this action, RCW 82.04.250 levied a business and occupation tax

[u]pon every person engaging within this state in the business of making sales at retail; as to such persons, the amount of tax with respect to such business shall be equal to the gross proceeds of sales of the business, multiplied by the rate of one-quarter of one percent. [Laws of 1961, ch. 15, § 82.04.250]

and RCW 82.04.290 levied the tax

[u]pon every person engaging within this state in any business activity other than or in addition to those enumerated in RCW 82.04.230, 82.04.240, 82.04.250, 82.04.260, 82.04.270, 82.04.275 and 82.04.280; as to such persons the amount of tax on account of such activities shall be equal to the gross income of the business multiplied by the rate of one percent. This section includes, among others, and without limiting the scope hereof (whether or not title to materials used in the performance of such business passes to another by accession, confusion or other than by outright sale), persons engaged in the business of rendering any type of service which does not constitute a "sale at retail" or a "sale at wholesale." The additional tax imposed in RCW 82.04.296 shall not apply to persons or activities taxable under this section. [Laws of 1961, ch. 15, § 82.04.290]

"Sale" is defined in RCW 82.04.040. Insofar as pertinent here, it provides: " 'Sale' means any transfer of the ownership of, title to, or possession of property for a valuable consideration . . ."

 Words used in a statute must be given their ordinary meaning unless a contrary intent appears. *King County v. Seattle,* 70 Wn.2d 988, 425 P.2d 887 (1967). In its ordinarily understood meaning, the word "sale" does not properly describe the granting of the privilege of paying for goods and services over a period of time. Furthermore,

such a transaction does not fall within the statutory definition of "sale," which embodies the word's ordinary and generally understood meaning. No ownership, title to, or possession of goods is tranferred to the buyer in exchange for the service charge, but merely the privilege of making deferred payments. The extension of this privilege involves certain services on the part of the seller of the goods, and the service charge is exacted to compensate him for the expenses involved in rendering these services.

As the respondent points out, the appellant's activities for which the service charge is made are not expressly covered in any section of the taxing act, nor are they expressly excluded. Since it was the intent of the legislature, set forth in RCW 82.04.220, to tax all business activities not expressly excluded, it is reasonable to conclude that the legislature intended to include this activity in the catch-all provision, RCW 82.04.290.

We are of the opinion that the Department of Revenue has correctly construed RCW 82.04.290, which levies a tax on "every person engaging within this state in any business activity . . . [including] the business of rendering any type of service which does not constitute a 'sale at retail' . . . ." The business activity of servicing installment accounts falls naturally within this definition, and it is our conclusion that the legislature intended that this activity should be taxed under this section rather than under RCW 82.04.250, taxing retail sales. This interpretation not only gives effect to the legislative intent evidenced in the taxing statutes, but harmonizes them with RCW 63.14.040, which regulates installment sales and requires that service charges be separately stated. The legislative approach to the problems dealt with in that statute indicates an awareness on the part of the members of that body that service charges on installment sales are not in fact a part of the purchase price.

The Department of Revenue has also levied a tax upon income which the appellant derives from management services which it renders to its wholly-owned Canadian and Washington subsidiaries. The appellant contends that this

tax is improper since the officers and directors and the sales manager of the three companies are the same. In brief, the appellant would have us "lift the corporate veil" and observe that in fact there is only one corporation.

If this case involved a fraud upon third persons, of course, the court would not permit the appellant to escape liability by means of the corporate structures which it employs. But we are not here concerned with such a case. The appellant has chosen to employ these structures for its own reasons, and we assume that it finds them advantageous. For purposes of the taxing statutes, they are separate entities. Mere common ownership of stock, the same officers, employees, etc., does not justify disregarding the separate corporate identities unless a fraud is being worked upon a third person. *See Associated Oil Co. v. Seiberling Rubber Co.,* 172 Wash. 204, 19 P.2d 940 (1933).

In *Washington Sav-Mor Oil Co. v. Tax Comm'n,* 58 Wn.2d 518, 523, 364 P.2d 440 (1961), the plaintiff sought to avoid business and occupation taxes imposed under RCW 82.04, upon the ground that it was making sales to a wholly-owned subsidiary corporation. We said:

> The appellant asks us to disregard its separate existence, not in order to prevent fraud or injustice, but in order to gain an advantage. This we cannot do. The legislature has not seen fit to exclude transactions between affiliated corporations, and we find in the facts of this case nothing which would justify the judicial engrafting of such an exclusion upon the statute.

In that case, the parent was selling goods to its subsidiary. Here the appellant is selling its services. There is no other significant distinction between the cases. What we said there is applicable here. The appellant is rendering valuable services to its subsidiary and is receiving remuneration for them. This activity is taxable under the statutes. The trial court correctly sustained the Department of Revenue's ruling on this matter.

The final contention of the appellant is that the activities involved in this case are interstate commerce and therefore not taxable by the state. The evidence shows that

all of the activities taxed are done locally, that is, the services are rendered at the home office in Opportunity, Washington. No part of these activities is carried on outside the state, although the recipients of the benefits of the activities may reside outside the state or outside the country.

The appellant cites no authority which sustains its position that the activities in question are not subject to local tax.

A state has the right to tax the privilege of doing local business. *B. F. Goodrich Co. v. State,* 38 Wn.2d 663, 231 P.2d 325, *cert. denied* 342 U.S. 876, 96 L. Ed. 659, 72 S. Ct. 167 (1951). The tax in question is applicable to all who engage within this state in the same kind of business activities, and it is only the local activities which are being taxed. Persons engaged in interstate commerce are not required to bear any burden not borne by those engaged solely in local commerce. The appellants are not being taxed upon activities which might also be taxed in other states. In short, the incidents of taxation occur only within this state and the tax is not discriminatory against persons engaged in interstate commerce. Consequently it does not offend the commerce clause of the United States Constitution. *General Motors Corp. v. State,* 60 Wn.2d 862, 376 P.2d 843, 377 U.S. 436, 12 L. Ed. 2d 430, 84 S. Ct. 1564, *rehearing denied* 379 U.S. 875, 13 L. Ed. 2d 79, 85 S. Ct. 14 (1964).

The judgment is affirmed.

HUNTER, C. J., FINLEY, WEAVER, HAMILTON, HALE, NEILL, and McGOVERN, JJ., concur.