David R. WILLIAMS d/b/a Industrial Communications, Plaintiff,

v.

PUBLIC SERVICE COMMISSION OF UTAH, Milly O. Bernard, Brent H. Cameron and David R. Irvine, Commissioners of the Public Service Commission of Utah, Defendants.

No. 17410.

Supreme Court of Utah.

Feb. 9, 1982.

Michael A. Neider, Salt Lake City, for plaintiff.

David L. Wilkinson, Atty. Gen., Arthur A. Allen, Craig R. Rich, Asst. Attys. Gen., Craig S. Cook, Kay M. Lewis, Salt Lake City, for defendants.

HOWE, Justice:

Protestant David R. Williams d/b/a Industrial Communications (Industrial) petitioned this Court for a writ of review seeking to have a Report and Order of the Public Service Commission of Utah (PSC) reversed. The order partially granted and partially denied the application of Mobile Telephone, Inc. (Mobile) to amend its Certificate of Convenience and Necessity to expand its area of operation.

Industrial raises three issues: (1) The PSC erred in refusing to admit evidence material to Mobile's fitness; (2) The PSC erred in not permitting Industrial to examine certain financial data of Mobile; and (3) Mobile failed to prove a need for its service and its ability to serve in some of the areas of Utah where it was granted authority.

Mobile and Industrial are competitors, both offering mobile telephone service as radio common carriers in areas of Utah and are regulated by the PSC. The principal stockholder of Mobile is also the principal stockholder of Mobile Radio Telephone of Southern Utah, Inc., a separate, regulated carrier. Industrial attempted to present evidence at the hearing that the principal stockholder of both Mobile corporations misrepresented certain equipment capacity of the southern Utah corporation to the Federal Communications Commission. The Commission ruled that the acts of the southern Utah corporation were not material to the proceeding because of the distinctness of the corporate entities and lack of any allegation that there should be a piercing of the corporate veil. The Commission also did not allow Industrial to examine the profit and loss statement and current cash flow statements of Mobile based upon a ruling that they were confidential. However, the Division of Public Utilities and the Commission did thoroughly examine Mobile's financial information. Based upon evidence presented, the Commission denied Mobile authority to operate in three counties but granted all of the other authority it sought.

### I.

Industrial mischaracterizes the Commission's examination of Mobile's qualifications as being limited to a determination of its financial ability. The Commission did consider fitness beyond financial ability and did recognize the possible relevance of Industrial's allegations concerning Mobile's credibility and fitness. However, the Commission believed that the allegations, even if true, were too remote to be of significant probative value in determining Mobile's fitness. The Commission stated its reasons for ruling against Industrial:

> . . . even if it could be demonstrated that there had been a misrepresentation before the Federal Communications Commission in behalf of a separate company [sic] . . . that might go to the weight to be given on statements made by . . . [the principal stockholder of both Mobile cor-

porations] in this proceeding before this Commission. Since it appears from the application that the proposal [of Mobile] is entirely separate from whatever is occurring in Southern Utah [sic] the bearing would be very slight if any.

Rule 45 of the Utah Rules of Evidence, which has been adopted by the PSC in No. 16.1 of its Rules of Practice and Procedure, allows a judge, in his discretion, to exclude evidence which is otherwise admissible if its probative value is substantially outweighed by the risk that its admission will necessitate undue consumption of time. This is supported in case law. *Terry v. Zions Cooperative Mercantile Institution*, Utah, 605 P.2d 314 (1979); *Martin v. Safeway Stores, Inc.*, Utah, 565 P.2d 1139 (1977).

In order to discover whether a misrepresentation had occurred, Industrial wanted to inspect, or have the Commission inspect, the premises of the Mobile Radio Telephone of Southern Utah corporation (not the applicant). Industrial also offered to present three witnesses who would testify that equipment which the principal stockholder of both Mobile corporations represented to the FCC that the southern Utah company had put in place was not observed by them on its premises. (The absence of the equipment would not be a violation of Utah law).

These points raised by Industrial, although logically relevant, could reasonably be considered excludable since they would consume a disproportionate amount of time in a three-day application hearing. Three witnesses, cross-examination, and a possible investigatory trip could require a substantial amount of time in the hearing or necessitate continuances of the hearing. It is likely also that, once developed, the evidence would not carry sufficient weight to justify the time it imposed upon the Commission. In other words, an FCC violation by the principal stockholder's other corporation would not sufficiently damage his credibility to prove applicant Mobile's unfitness. As the commission recognized, regulatory misconduct is one factor to consider in determining fitness. Unless fraud can be

shown in the common ownership of two corporations, *RenaWare Distributors v. State*, 77 Wash.2d 514, 463 P.2d 622 (1970), and a violation is willful and intentional, *Uintah Freightlines v. Public Service Commission*, 119 Utah 491, 229 P.2d 675 (1951), such misconduct as was alleged by Industrial here is too remote to require consideration. Therefore, on this point the Commission did not abuse its discretion.

## II.

■ The Commission also did not allow Industrial to review confidential documents prepared for the PSC by Mobile. (Industrial was allowed to cross-examine financial and other witnesses). The documents consisted of a detailed budget showing planned expenditures, including sources and uses of funds, a detailed income statement, and a detailed statement showing amounts of debt and the dates the debts matured. Industrial argues that the Commission's ruling was error because "no party" cross-examined this "one-sided evidence." However, after having reviewed the documents as well as other financial information, the Division of Public Utilities determined to forego cross-examination of the financial issue and represented to the PSC that it was satisfied with the data. Hence, while it may be true that cross-examination was not formally conducted, the implication that the evidence was not reviewed and as a result was "one-sided" simply is not the case.

Industrial also claims that the classification of the documents as confidential by the Commission was erroneous; but Industrial offers no support for the assertion.

Rule 26(c) of the Utah Rules of Civil Procedure which was adopted by the PSC in No. 21.6 of its Rules of Practice and Procedure allows discretionary treatment of evidence by providing in pertinent part that the court

> ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... (7) that a trade secret or other confiden-

tial research, development, or commercial information not be disclosed or be disclosed in a designated way; ...

■ This Court will not overturn the Commission's exercise of its discretion unless it can be shown that the Commission abused it. *Utah Department of Business Regulations v. Public Service Commission*, Utah, 614 P.2d 1242 (1980); *Lakeshore v. Welling*, 9 Utah 2d 114, 339 P.2d 1011 (1959); *Commonwealth of Pa., Public Utility Commission v. D'Agata National Trucking Co.*, 25 Pa.Commw.Ct. 365, 360 A.2d 279 (1976). A bare assertion that ruling the documents in question to be confidential is erroneous does not carry the burden of demonstrating abuse. On its face, the ruling was reasonable that the evidence was confidential because it included documents containing sources and uses of funds, dates debts matured, and a detailed income statement. It therefore was not an abuse of discretion to prohibit a competitor from examining the documents. In light of the thorough examination conducted by the Division of Public Utilities, the issue of financial fitness was adequately probed.

## III.

■ Industrial contends that the Commission's findings of need for service in Box Elder, Morgan and Wasatch counties were not supported by substantial evidence. Outlining the scope of review on appeal, § 54–7–16, U.C.A. (1953) states in pertinent part "... The findings and conclusions of the Commission on question of fact shall be final and not be subject to review ...." This Court has consistently held that we will not disturb PSC findings where there is any competent evidence to support them. *Union Pacific Railroad Co. v. Public Service Commission*, 103 Utah 459, 135 P.2d 915 (1943); *Utah Light & Traction Co. v. Public Service Commission*, 101 Utah 99, 118 P.2d 683 (1941); *Mulcahy v. Public Service Commission*, 101 Utah 245, 117 P.2d 298 (1941); *Uintah Freight Lines v. Public Service Commission*, supra. Mobile presented testimony that it already served Box Elder County and had received requests from

company subscribers for service in several counties including Morgan and Wasatch counties. Mobile also submitted a confidential list showing requests for service from approximately 85 potential pager users and approximately 100 mobile radio telephone users. In addition, four witnesses testified to the need in these counties. There is competent evidence in the record to support the Commission findings. Therefore, they will not be overturned.

The order of the Public Service Commission is affirmed.

HALL, C. J., and OAKS and DURHAM, JJ., concur.

STEWART, J., concurs in the result.