Julie GARIBAY, individually, as Guardian ad litem for Rylee Nicole Garibay, a minor, and as Personal Representative of the Estate of Demetrio Robert Garibay; Miquela Garibay; Daniel Garibay; Dalia Garibay Garza; Delia Garibay Flores; Diana Garibay Aguayo; Delphina Garibay Pruneda, Plaintiffs—Appellants,

v.

KOMATSU LTD.; Komatsu Electronics Metals Company, Inc., Defendants—Appellees.

No. 04–35079.

United States Court of Appeals, Ninth Circuit.

Submitted June 8, 2005.*

Decided June 10, 2005.

Jerald D. Pearson, Esq., Pearson Law Firm, Snoqualmie, WA, for Plaintiffs–Appellants.

11. *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc).

12. *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).
* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Brian D. Israel, Esq., Arnold Porter, Esq., Arnold & Porter LLP, Washington, DC, William Randolph Squires, III, Esq., Summit Law Group, PLLC, Seattle, WA, for Defendants–Appellees.

Before: HUG, THOMPSON, and MCKEOWN, Circuit Judges.

MEMORANDUM **

The district court's grant of summary judgment must be affirmed because there is no genuine issue of material fact that Komatsu and Komatsu Electronics Metals Co. ("KEM") owed Garibay a duty. *Quadrant Corp. v. Am. States Ins. Co.,* 110 P.3d 733, 737 (Wash.2005). Under Washington state law, a parent corporation is not liable for the acts of a subsidiary unless the parent deliberately manipulated the subsidiary to avoid a legal duty. *See Minton v. Ralston Purina Co.,* 146 Wash.2d 385, 47 P.3d 556, 562 (2002). "Mere common ownership of stock, the same officers, employees, etc., does not justify disregarding the separate corporate identities unless a fraud is being worked upon a third person." *Rena–Ware Distribs., Inc. v. State,* 77 Wash.2d 514, 463 P.2d 622, 625 (1970). Because Garibay presents no evidence that Komatsu and KEM abused ASIMI's separate corporate form to avoid a legal duty, the district

court's grant of summary judgment must be upheld.

Garibay also appeals the district court's issuance of an oral decision. The district court entered a written order granting summary judgment but explained its reasoning orally. Under these circumstances, no more detailed writing was required.

The district court did not abuse its discretion in denying the motion for reconsideration because, even assuming the statements of opposing counsel were erroneous, the correct information would not have created a genuine issue of material fact as to duty. Finally, the district court correctly denied discovery of documents for which Komatsu and KEM claimed attorney-client privilege. A review of the privilege log reveals the documents fit comfortably within the privilege, as determined by Washington's privilege statute and subsequent case law. Wash. Rev.Code § 5.60.060(2)(a) ("An attorney or counselor shall not, without the consent of his or her client, be examined as to any communication made by the client to him or her, or his or her advice given thereon in the course of professional employment.").

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.